UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILLIP WATKINS,
    Plaintiff,

vs

EMILY N. GLATFELTER, et al.,
    Defendants.

Case No. 1:19-cv-171

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Butler County Jail, has filed a prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. (Doc. 1). Because plaintiff failed to pay the filing fee or move to proceed *in forma pauperis*, the undersigned previously issued a Deficiency Order requiring plaintiff to pay the $400 filing fee or to submit to the Court an *in forma pauperis* application and certified copy of plaintiff's prison trust fund account statement. (Doc. 2). Plaintiff partially complied with the Court's Order by submitting a copy of his prisoner trust fund account statement. (Doc. 3). However, because plaintiff failed to provide an application and affidavit to proceed *in forma pauperis*, the undersigned issued a second Deficiency Order on May 3, 2019. Plaintiff was ordered to either pay the $400 filing fee or submit to the Court an *in forma pauperis* application within thirty (30) days. (Doc. 4). Plaintiff was advised "that if he fails to comply with this Order within the requisite 30-day period, this case will be dismissed for want of prosecution." (*Id.* at PageID 38).

To date, more than thirty days after the Court's May 3, 2019 Order, plaintiff has failed to comply with the Order of the Court.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951

F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's May 3, 2019 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

PHILLIP WATKINS,
    Plaintiff,

vs

EMILY N. GLATFELTER, et al.,
    Defendants.

Case No. 1:19-cv-171

Dlott, J.
Bowman, M.J.

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).